■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GADDY, Appellant.—Case held, decision reserved and matter remitted to Monroe County Court for further proceedings, in accordance with the following memorandum: Defendant contends that his confession to the police should have been suppressed because he was told that unless he made a statement, his four-year-old child, who was in police custody, would not be released to the custody of a relative, but would be sent to a shelter. In support of this contention, defendant's father testified at the hearing that a police officer stated that the child would not be released until defendant gave a statement. Defendant's wife testified that when the officer told defendant he was under arrest, defendant asked for a lawyer, and the officer responded that if defendant wanted his lawyer present, the child would be put in a shelter. The police officer denied making these statements. The court recited this conflicting testimony in its decision, but it failed to resolve the conflict and determine the facts. Hence, we remit the matter to the suppression court for the purpose of making additional findings of fact essential to the determination of the motion *(see,* CPL 710.60 [4]). (Appeal from judgment of Monroe County Court, Connell, J.—criminal possession of stolen property.) Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ.

■ In the Matter of CALVIN KNOX, Petitioner, v WALTER KELLY, as Superintendent of Attica Correctional Facility, Respondent.—Determination unanimously confirmed and petition dismissed *(see, People ex rel. Vega v Smith,* 66 NY2d 130). (Article 78 proceeding transferred by order of Supreme Court, Wyoming County, Newman, J.) Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ.